Key Items, Inc. v. Global Jewellery Solutions, Ltd.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                                Chief Judge,
            ROSEMARY S. POOLER,
                                Circuit Judge.
            ERIC N. VITALIANO,
                                District Judge.[*]

- - - - - - - - - - - - - - - - - - - -X
KEY ITEMS, INC.,
        Plaintiff-Appellant,

        -v.-                                            12-1143

GLOBAL JEWELLERY SOLUTIONS, LTD.,
EDWARD MAIEROVITZ, AND ULTIMA 2008
LTD.,
        Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Eric N. Vitaliano, District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR APPELLANT:** STEVEN CASTALDO, Paduano & Weintraub LLP, New York, New York (Anthony Paduano, Paduano & Weintraub LLP, New York, New York, <u>on the brief</u>).

**FOR APPELLEES GLOBAL JEWELLERY SOLUTIONS, LTD. AND ULTIMA 2008, LTD.:** DOUGLAS R. HIRSCH, Sadis & Goldberg LLP, New York, New York.

**FOR APPELLEE EDWARD MAIEROVITZ:** Edward Maierovitz, <u>pro se</u>.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pitman, <u>M.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and **REMANDED**.

Key Items, Inc. ("Key Items") appeals from the judgment of the United States District Court for the Southern District of New York (Pitman, <u>M.J.</u>), dismissing its complaint and denying its motion to amend on the basis of futility. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Key Items brought this action against Ultima Diamonds, Inc. ("Ultima Diamonds"), a jewelry wholesaler, for refusing to pay for a shipment from Key Items in September 2008. Key Items obtained a default judgment against Ultima Diamonds in the amount of $112,976.96 plus pre-judgment interest. However, the district court dismissed the suit as to Ultima 2008, Ltd. ("Ultima 2008"), doing business as "Global Jewellery Solutions, Ltd." (collectively, "the Global Defendants") because they were not parties to the contract. Key Items sought leave to amend the complaint to include tortious interference and alter ego claims against the Global Defendants on the basis that Edward Maierovitz controlled both entities and wrongfully transferred assets from Ultima Diamonds to Ultima 2008 in order to render the former judgment-proof. Leave to amend was denied as futile.

We review the denial of a motion to amend on the basis of futility de novo.  See Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 490 (2d Cir. 2011).

The district court rejected Key Items's tortious interference claim, in part, on the ground that because Ultima Diamonds became defunct prior to payment coming due, its dissolution was the but-for cause of the breach, rather than any act by the Global Defendants.  However, Key Items alleges that Maierovitz shut down one company (Ultima Diamonds), established a new one (Ultima 2008), and shifted assets from the old to the new--thereby causing Ultima Diamonds to breach its contractual obligations--and these allegations sufficiently plead causation.  The district court acknowledged as much, explaining that if the fraudulent transfer allegation were included in plaintiff's tortious interference claim, "it probably would salvage the claim."  A 239 n.4.  The allegation was discounted because it appeared under the "alter ego" section of the complaint, and Key Items failed to incorporate it by reference into the recital as to tortious interference.  Surely, Key Items will correct this technical defect when it files its amended complaint.  It follows, then, that leave to amend would *not* be futile.  Cf. Travelers Ins. Co. v. 633 Third Assocs., 973 F.2d 82, 87-88 (2d Cir. 1992).

The court also erred in denying Key Items's the opportunity to add an alter ego claim.  Key Items must demonstrate (1) that the Global Defendants dominated Ultima Diamonds, and (2) that "such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil."  Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir. 1997).

According to the amended complaint, just one week before Ultima Diamonds purchased more than 3,000 pieces of jewelry from Key Items, Maierovitz established Ultima 2008, another jewelry wholesaler operating in the same market, out of the same office, using the same business address and resources.  After receiving the jewelry, Maierovitz then allegedly refused to pay for part of the shipment (1,700 rings), transferred the assets to Ultima 2008, dissolved Ultima Diamonds, and began using Ultima 2008 to conduct his jewelry business (under the name "Global Jewellery Solutions").  Maierovitz is a director and officer of both companies, and served as the companies' primary contact person at all relevant times.  No one--not even counsel for

the Global Defendants--could identify any individual or entity involved in the governance of these companies other than Maierovitz.[1]

   Key Items further alleges [i] that part of the jewelry that had been delivered to Ultima Diamonds was returned by the Global Defendants, and [ii] that Maierovitz represented to the Jewelers Board of Trade that Ultima Diamonds now conducts business as Ultima 2008.  These allegations create a sufficient inference that the Global Defendants gained control of Ultima Diamonds's assets, including the jewelry that Key Items had shipped in October and November of 2008.

   Accepting the above allegations as true, as we must, we conclude that Key Items has pled almost all of the discretionary factors that "tend to identify a dominated corporation."[2]  Am. Fuel Corp., 122 F.3d at 134.  It has also adequately pled that "such domination was used to commit a fraud or wrong" against it.  Id.

   For the foregoing reasons, we hereby **VACATE** the judgment of the district court and **REMAND** with instructions to grant Key Items's motion to amend its complaint.

                         FOR THE COURT:
                         CATHERINE O'HAGAN WOLFE, CLERK

---

[1] At oral argument, the Global Defendants' attorney stated that he did not know his own client's principal. When pressed, he speculated that perhaps his client is owned by a group of individuals in India.

[2] These factors include inadequate capitalization; the use of corporate resources for personal gain; overlap in ownership, officers, and directors; sharing the same business address and office space; the lack of business discretion displayed by the dominated corporation; whether the entities interact at arms length; whether others pay or guarantee debts of the dominated corporation; and whether the controlling entity used the property of the dominated corporation.  See id.

4